IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HAKEEN HASSAN MANNIE        )
           )
      v.        )    NO: 3:14-0541
           )
LT. DOUG WHITEFIELD        )

TO:  Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 16, 2014 (Docket Entry No. 13), this action was referred to the
Magistrate Judge to enter a scheduling order for the management of the case, to dispose or
recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to
conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure
and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss (Docket Entry
No. 22), to which the plaintiff has not filed a response.[1]  For the reasons set out below, the Court
recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered July 7, 2014 (Docket Entry No. 24), the plaintiff was notified of the
motion and given a deadline of August 15, 2014, to file a response.

## I. BACKGROUND

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Complex ("Turney Center"). However, at the time the complaint was filed, the plaintiff was an inmate at the Wilson County Jail ("Jail"). On February 18, 2014, he filed this action pro se and in forma pauperis against two employees at the Jail: Doug Whitefield and Julie Cripps. He seeks damages under 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated at the Jail in 2013-2014.

The plaintiff alleges that, while at the Jail, he wished to file a civil lawsuit pertaining to events that occurred during his previous incarceration at the Rutherford County Jail. He asserts that he could not pay the filing fee for the civil lawsuit and that he gave indigency paperwork to Defendant Whitefield to be verified and then notarized by Defendant Cripps. He alleges that the Defendants failed to take action on the paperwork for several months despite his requests and grievances about the matter. The plaintiff asserts that the deadline for filing the civil lawsuit was "Feb. 13, 2014." See Complaint (Docket Entry No. 1), at 5. The plaintiff signed the Complaint in this action on January 31, 2014, and alleges that, as of that date, he still had not received his indigency paperwork. There are no allegations in the Complaint that the plaintiff attempted to file the civil lawsuit but had it rejected, and it is unclear whether the paperwork at issue was ever returned to the plaintiff.

In lieu of an answer, the Defendants have filed the pending motion to dismiss. They seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that the plaintiff fails to state a claim upon which relief can be granted. The Defendants contend that the plaintiff's allegations concerning the nature of the civil lawsuit he allegedly wanted to file are vague. Further, they argue that he does not allege facts showing that he was actually prevented from pursuing this

lawsuit by intentional conduct of the Defendants or suffered prejudice to his purported lawsuit that could not be remedied. As such, the Defendants contend that the plaintiff's allegations fail to support a constitutional claim that he was denied access to the courts.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12 of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty, 220 F.3d 433, 446

(6th Cir. 2000), abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not reflect a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

## III. ANALYSIS

Prison inmates retain a First Amendment right of access to the courts despite their incarceration. See Bounds v. Smith, 430 U.S. 817, 821-24, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). However, this right of access does not protect inmates from every hinderance to litigation that is caused by their incarceration and is limited in scope. First, an inmate's constitutional right of access applies only to the pursuit of non-frivolous and fundamental matters such as criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of prison confinement. See Lewis v. Casey, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); Thaddeus-X v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999); Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Second, to support a right of access claim, the prisoner plaintiff must show that the alleged unlawful conduct of prison officials in some way caused actual prejudice to the filing or prosecution of the protected legal matter. Lewis, 518 U.S. at 349-55; Harbin–Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005); Pilgrim, supra; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).

Although the plaintiff's allegations were sufficient to survive frivolity review under 28 U.S.C. § 1915(d), his allegations, even if viewed in the light most favorable to him, simply do not state a constitutional claim upon which relief can be granted. Initially, the only allegation contained in the Complaint concerning the nature of the civil lawsuit that the plaintiff alleges he wanted to file is that it "was against" the "Rutherford County Jail," where he had previously been incarcerated. See Docket Entry No. 1, at 5. Such an allegation is simply too vague and cursory to show that the civil action he wished to pursue was a non-frivolous action of the type warranting First Amendment protection. See Christopher v. Harbury, 536 U.S. 403, 417-18, 122 S. Ct. 2179, 2188, 153 L. Ed. 2d 413 (2002).

Furthermore, even if the Court were to assume that the civil lawsuit the plaintiff wished to pursue implicated a non-frivolous constitutional matter sufficient to trigger First Amendment protection, the plaintiff's allegations fail to show that he suffered any actual prejudice to the filing or prosecution of that lawsuit. Indeed, the plaintiff does not allege that he attempted to file the purported civil lawsuit and that his attempt at filing was rejected because of a lack of indigency paperwork. Instead, the plaintiff complains about anticipated prejudice if he filed the lawsuit without completed indigency paperwork.[2] However, the alleged refusal of the Defendants to complete his indigency paperwork, even if taken as true, in no way prevented him from actually filing the purported civil lawsuit prior to the filing deadline that he contends applied to the lawsuit. This Court regularly accepts lawsuits filed with insufficient or even absent applications to proceed in forma

---

[2] Although the plaintiff does not assert in his Complaint where he wished to file the purported lawsuit against the Rutherford County Jail, he does state that he needed indigency paperwork completed because he could not pay the "$400.00" filing fee. See Complaint, at 5. Accordingly, the Court assumes that the plaintiff is referring to the filing of a federal lawsuit within this District.

5

pauperis ("IFP application"), leaving to subsequent proceedings the matter of rectifying any issues with the payment of the filing fee or the approval of an IFP application.

Additionally, the IFP application that was submitted by the plaintiff along with the Complaint in the instant action was completed and notarized by the Defendants at the Jail on February 13, 2014. See Docket Entry No. 2. Although this IFP application was apparently not the actual IFP application the plaintiff alleges he gave to the Defendants during the winter of 2013 regarding the civil lawsuit he wished to file, it is nonetheless undisputed that he received from the Defendants a completed and notarized IFP application on or about February 13, 2014, and could have filed the civil lawsuit along with this IFP application in a manner that would have likely been viewed by the Court as timely given the mailbox rule that is applicable to filings made by prison inmates. See Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002).[3]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Defendants' motion to dismiss (Docket Entry No. 22) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and

---

[3] Because the Court finds that the plaintiff's allegations clearly fall short of showing that he suffered any type of actual prejudice to the purported lawsuit he wished to file, the Court finds it unnecessary to address any distinction between forward and backward looking denial of access claims as noted by the Sixth Circuit in Flagg v. City of Detroit, 715 F.3d 165, 174 (6th Cir. 2013).

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


JULIET GRIFFIN
United States Magistrate Judge